UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

-v-

JOSEPH SPENCER,

Defendant.

04 Cr. 1156 (PAE)

ORDER

---

PAUL A. ENGELMAYER, District Judge:

The Court has received an application from defendant Joseph Spencer seeking Spencer's compassionate release from the Metropolitan Detention Center ("MDC") in Brooklyn, New York pursuant to 18 U.S.C. § 3582(c), in light of the risk that the COVID-19 pandemic presents for inmates.

In 2011, Spencer was sentenced, by the Hon. Richard J. Holwell, to a term of 12 months and one day imprisonment, for supervised release violations that included participation in a scheme to cash unauthorized checks. Spencer was required to appear on August 4, 2011, to begin serving that sentence, but did not do so, and was not apprehended until December 2019. After Spencer admitted violating supervised release by failing to appear, this Court, on May 5, 2020, sentenced Spencer to a term of time served for that violation. Because the Court held that 2 months of the time-served sentence was to run consecutive to Spencer's term of imprisonment as ordered by Judge Holwell, the effect of the Court's sentence was to add two months to that sentence. Dkt. 71.

Spencer first applied for compassionate release in the sentencing submission he filed in connection with the May 5, 2020 sentencing, Dkt. 61, which the Government opposed, Dkt. 64.

The Court declined to rule on that application at sentencing, stating that it would consider his application after sentencing, and once the 30-day time period for administrative review by the Bureau of Prisons of Spencer's application had expired.  That point has now passed.  On May 7, 2020, Spencer filed a renewed application for compassionate release.  Dkt. 66.  On May 8, 2020, the Government filed an opposition.  Dkt. 70.  On May 12, 2020, Spencer filed a reply.  Dkt. 72. For the reasons that follow, the Court denies Spencer's application.

Under 18 U.S.C. § 3582(c)(1)(A), "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf," a court may reduce such defendant's sentence if it finds that "extraordinary and compelling circumstances warrant such a reduction," and that "such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A)(i).  The Court must also consider the "factors set forth in section 3553(a) to the extent that they are applicable."  *Id.* § 3582(c)(1)(A).

Congress tasked the Sentencing Commission with identifying the circumstances that are sufficiently extraordinary and compelling to justify a reduction in sentence.  *United States v. Ebbers*, — F. Supp. 3d —, No. (S4) 02 Cr. 1144-3 (VEC), 2020 WL 91399, at *4 (S.D.N.Y. Jan. 8, 2020) (quoting 28 U.S.C. § 994(t)).  Relevant here, the Commission's policy statement and its corresponding commentary on § 3582(a)(1)(A) state that a court may reduce a sentence for "extraordinary and compelling reasons," including where the defendant is "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is

2

not expected to recover."[1]  U.S.S.G. § 1B1.13(1)(A) & cmt. n.1(A).  The defendant must also not

be a danger to the community and the reduction must be consistent with the Commission's

policy statement.  *Id.* § 1B1.13(2)–(3).

The first of these factors may favor Spencer's early release.  The COVID-19 pandemic is

extraordinary and unprecedented in modern times in this nation.  It presents a clear and present

danger to free society for reasons that need no elaboration.  And the crowded nature of federal

detention centers such as the MDC present an outsize risk that the COVID-19 contagion, once it

gains entry, will spread.[2]  Although the parties dispute whether Spencer has been formally designated

as an inmate at high risk, defense counsel contends that Spencer suffers from several medical

conditions, described to the Court in a submission filed under seal.  The Court finds Spencer's

claim plausible that COVID-19 may present a heightened risk for him.  And realistically, a

heightened-risk inmate who contracts the virus while in prison will face challenges in caring for

himself.  For these reasons, in the past two months, numerous courts, including this one, have

---

[1] U.S.S.G. § 1B1.13(1)(A) references only "a motion of the Director of the Bureau of Prisons" because it has not yet been updated to reflect the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, which allows defendants independently to seek compassionate release relief from federal courts.  *Ebbers*, 2020 WL 91399, at *1, 4.

[2] *See* Timothy Williams, et al., *'Jails Are Petri Dishes': Inmates Freed as the Virus Spreads Behind Bars*, N.Y. Times (Mar. 30, 2020), https://www.nytimes.com/2020/03/30/us/coronavirus-prisons-jails.html; *see also United States v. Nkanga*, No. 18 Cr. 713 (JMF), 2020 WL 1529535, at *1 (citing *Interim Guidance on Mgmt. of Coronavirus Disease 2019 (COVID-19) in Correctional and Detention Facilities*, Ctrs. for Disease Control and Prevention 2 (Mar. 23, 2020), https://www.cdc.gov/coronavirus/2019-ncov/downloads/guidance-correctional-detention.pdf) (highlighting danger faced by those in jails and prisons).

ordered the temporary release of inmates held in pretrial or presentencing custody and, in more limited instances, the compassionate release of inmates serving federal sentences.[3]

The Court is also persuaded, for reasons that are ably described in defense counsel's two submissions, that Spencer, if released, would most likely not pose a danger to the community. *See* Dkts. 61 & 66.  The Government does not contend otherwise.

The Court, however, is unpersuaded that reducing Spencer's sentence of a year and a day as imposed by Judge Holwell to a sentence of approximately two-and-one-half months (reflecting time served as of today) would yield an overall sentence consistent with the "factors set forth in section 3553(a)," as required by § 3582(c)(1)(A).  Two such factors, to be sure, are the "history and characteristics of the defendant," and "the need to provide the defendant with needed . . . medical care."  18 U.S.C. § 3553(a).  These factors, to at least some degree, appear to favor Spencer's early release in light of the COVID-19 pandemic.  But they are outweighed by the combined force of several other factors: "the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law . . . to provide just punishment for the offense . . . [and] to afford adequate deterrence to criminal conduct."  *Id.*

---

[3] *See, e.g., United States v. Jasper*, No. 18 Cr. 390 (PAE), Dkt. 441 (S.D.N.Y. April 6, 2020) (ordering compassionate release of defendant with an immune-inflammatory disease who had served all but 34 days of a 4-month sentence); *United States v. Hernandez*, No. 18 Cr. 834 (PAE), Dkt. 451 (S.D.N.Y. April 2, 2020) (ordering compassionate release of defendant with asthma who had served 17 months of a 24-month sentence and was scheduled for release in four months); *United States v. McKenzie*, No. 18 Cr. 834 (PAE), 2020 WL 1503669, at *2–3 (S.D.N.Y. Mar. 30, 2020) (granting bond pending sentencing, pursuant to 18 U.S.C. § 3145(c), to defendant who had pleaded guilty to single count of assault with a deadly weapon and had previously been released on bond); *United States v. Perez*, No. 19 Cr. 297 (PAE), 2020 WL 1329225, at *1 (S.D.N.Y. Mar. 19, 2020) (granting bail application, pursuant to § 3142(i), of 65-year-old defendant with COPD, in light of "unique confluence of serious health issues and other risk factors facing this defendant, . . . which place him at a substantially heightened risk of dangerous complications should [he] contract COVID-19").

In cases where an inmate seeking release had served nearly all of their term of incarceration—particularly where they were also at heightened risk from COVID-19—the Court has found that the § 3553(a) factors require a court to give a fresh assessment of the just sentence. That has led the Court to authorize, as consistent with § 3553(a), the early release of a number of defendants, each of whom had served most of the terms to which they had been sentenced.[4] Spencer's case, however, is easily distinguished. Defense counsel proffers that Spencer has, accounting for good time credit, approximately nine more months to serve. Dkt. 66 at 3 n.3. This represents the vast majority of the sentence imposed by Judge Holwell. Spencer's release now or any time soon would thereby neuter the sentence Judge Holwell thoughtfully imposed. It would undermine the goals of just punishment and general and specific deterrence that, in large part, undergirded that sentence.

Accordingly, finding that the § 3553(a) factors do not support a reduction of sentence, the Court denies Spencer's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). The Court does not have occasion today to opine whether a later application for compassionate release, made substantially closer to Spencer's release date, might then be compatible with the § 3553(a) factors.

---

[4] *See, e.g.*, *United States v. Jasper*, Dkt. 18 Cr. 390 (PAE), Dkt. 441 (S.D.N.Y. April 6, 2020) (defendant had served all but 34 days of a 4-month sentence and had an immune-inflammatory disease); *United States v. Hernandez*, No. 18 Cr. 834 (PAE), Dkt. 451 (S.D.N.Y. April 2, 2020) (defendant was scheduled for release in four months and had asthma); *United States v. Knox*, 15 Cr. 445 (PAE), Dkt. 1078 (S.D.N.Y. April 2, 2020) (defendant was eligible for home confinement in two weeks' time). *But see United States v. Denard Butler*, No. 18 Cr. 834 (PAE), Dkt. 461 (S.D.N.Y. Apr. 7, 2020) (denying compassionate release motion for recently sentenced defendant with asthma and a cardiac condition who had only served 15 months in prison of 60-month sentence); *United States v. Credidio*, No. 19 Cr. 111 (PAE), Dkt. 62 (S.D.N.Y. Mar. 30, 2020) (for similar reasons, denying compassionate release motion for a defendant at heightened risk of COVID-19 who had served just two months of a 33 months sentence).

SO ORDERED.

_____
PAUL A. ENGELMAYER
United States District Judge

Dated: May 13, 2020
       New York, New York